IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHELLE GUNN, MARTINEZ HAYMER, and CARL THOMAS, individually and on behalf of others similarly situated, | )<br>)<br>)<br>) |
| | ) Case No. 17-cv-6314 |
| Plaintiffs, | ) |
| v. | )<br>) |
| STEVENS SECURITY & TRAINING SERVICES, INC. and AL STEVENS, | )<br>)<br>) |
| Defendants. | ) |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs Michelle Gunn, Martinez Haymer, and Carl Thomas, individually and on behalf of others similarly situated, complain against Defendants Stevens Security & Training Services, Inc. and Al Stevens, alleging claims under the Fair Labor Standards Act ("FLSA"), the Illinois Minimum Wage Law ("IMWL"), and the City of Chicago Minimum Wage Ordinance ("Wage Ordinance"). Plaintiffs bring their FLSA claims as a putative collective action, pursuant to 29 U.S.C. § 216(b), and Plaintiffs bring their IMWL and Wage Ordinance claims as a putative class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### Introduction

1. Defendant is a security guard company that operates in the City of Chicago. This complaint arises out of Defendants' failure to pay Plaintiffs and a class of other security guards one-and-a-half times their regular rate of pay for hours worked in excess of forty in a workweek and Defendants' failure to pay Plaintiffs and other individuals the City of Chicago Minimum Wage.

2. Plaintiffs, individually and on behalf of others similarly situated, seek to recover unpaid wages, interest, statutory penalties, liquidated damages, and attorneys' fees and costs pursuant to the FLSA, the IMWL, and the Wage Ordinance.

## Parties

3. Plaintiff Michelle Gunn ("Gunn") worked as a security guard for Defendants from approximately March 2016 until August 2017. During Gunn's employment with Defendants, Defendants paid her $9.00 per hour.

4. Plaintiff Carl Thomas worked as a security guard for Defendants from approximately March 2016 until November 2016. During Thomas's employment with Defendants, Defendants paid him $9.50 per hour.

5. Plaintiff Martinez Haymer worked as a security guard for Defendants in 2013 and for four weeks during the summer of 2017. During Haymer's employment with Defendants in 2017, Defendants paid him $9.50 per hour.

6. Defendant Stevens Security & Training Services, Inc., is an Illinois corporation headquartered in Chicago, Illinois.

7. Defendant Al Stevens is the Chief Executive Officer and owner of Stevens Security & Training Services, Inc. Upon information and belief, he is a resident of Cook County, Illinois.

8. During relevant times, Defendants were Plaintiffs' employers for purposes of the FLSA, the IMWL, and the Wage Ordinance.

## Jurisdiction and Venue

9. The Court has jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiffs' IMWL and Wage Ordinance claims pursuant to 28 U.S.C. § 1367.

10. Venue is proper in this district because, at all relevant times, Defendants employed Plaintiffs in this judicial district.

**Facts**

11. Defendants operate a security company in the Chicagoland area.

12. Plaintiffs Gunn and Thomas and other similarly situated individuals routinely worked for Defendants as security guards in excess of forty hours in a workweek.

13. For example, during the two-week period of July 25, 2016 to August 7, 2016, Gunn worked 102 hours for Defendants, and Defendants paid Gunn at a flat rate of $9.00 per hour for all hours worked.

14. During the workweek of March 21, 2016 to March 27, 2016, Thomas worked over 42 hours for Defendants, and Defendants paid Thomas at a flat rate of $9.00 or $9.50 per hour for all hours worked.

15. Defendants never paid Plaintiffs and the other similarly situated security guards one-and-a-half times their regular hourly rate of pay for hours worked in excess of forty in a workweek.

16. Defendants frequently made deductions from workers' pay for uniforms, further reducing their pay below the City of Chicago Minimum Wage.

17. For example, during a two-week period from July 11 – July 24, 2016, Defendants paid Thomas $235 for 35 hours of work, in part because Defendants deducted $80 for a work uniform.

**Enterprise Status**

18. From August 31, 2014 to the present, Defendants constituted an "enterprise" as that term is defined in the FLSA because they performed related activities (either through unified

operation or common control) for a common business purpose. During relevant times, Defendants engaged in well over $500,000 in annual sales or business.

### Collective and Class Allegations

19. Plaintiffs Gunn and Thomas bring the claims set forth in Count I, alleging violations of the FLSA, as a collective action on behalf of themselves and an **"FLSA Overtime Class,"** consisting of all hourly employees of Stevens Security between August 31, 2014 and the present and who, during that time, worked in excess of forty hours a week in any workweek.

20. Plaintiffs Gunn and Thomas bring their IMWL claims as set forth in Count II, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and all other individuals who worked for Stevens Security as hourly employees between August 31, 2014 and the present, and who, during that time, worked in excess of forty hours a week in any workweek. ("**the IMWL Class**").

21. All Plaintiffs bring the claims set forth in Count III, alleging violations of the Chicago Minimum Wage Ordinance, as a Rule 23 class action on behalf of themselves and a **"Chicago Minimum Wage Class,"** consisting of all security guards who worked for Stevens Security between July 1, 2015 and the present.

22. The classes defined above satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and 29 U.S.C. § 216(b).

23. The classes are so numerous and geographically dispersed that joinder of all members is impracticable, and the disposition of their claims in a class action will provide substantial benefits to both the parties and the Court. Plaintiffs believe that the classes include at least one hundred former and current Stevens Security employees.

24. Common questions of law and fact predominate over individual issues affecting only individual class members. The common questions of law and fact include, among others, the following:

    a. Whether Stevens Security denied Plaintiffs and the FLSA Overtime Class overtime wages due and owing under the FLSA;

    b. Whether Stevens Security denied Plaintiffs and the IMWL Class overtime wages due and owing under the Illinois Minimum Wage Law;

    c. Whether Stevens Security paid Plaintiffs and the Chicago Minimum Wage Class less than the applicable minimum wage.

25. Plaintiffs will fairly and adequately protect the interests of all class members. Plaintiffs Gunn and Thomas are members of the FLSA Overtime Class and the IMWL Class, and all Plaintiffs are members of the Chicago Minimum Wage Class. Plaintiffs' claims are typical of the claims of all class members. Plaintiffs' interests in obtaining monetary relief for Defendants' violations of the class members' rights are consistent with and are not antagonistic to those of any person within the classes.

26. Plaintiffs have retained counsel competent and experienced in complex and class action litigation.

27. A class action is superior to other methods for the fair and efficient adjudication of the controversy alleged in this Complaint. Class action treatment will permit a large number of similarly situated persons to prosecute their modest, common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.

28. The Court is not likely to encounter any difficulties that would preclude it from maintaining this case as a class action, and no superior alternative exists for the fair and efficient

adjudication of this controversy. Individualized litigation also would present the potential for inconsistent or contradictory judgments.

## Count I – Fair Labor Standards Act

29. Plaintiffs incorporate all prior allegations as if fully stated herein.

30. Defendants employed Plaintiffs and members of the FLSA Overtime Class.

31. Plaintiffs Gunn and Thomas and the members of the FLSA Overtime Class regularly worked for Defendants in excess of forty hours in a workweek.

32. Plaintiffs and members of the FLSA Overtime Class were not exempt employees as defined by the FLSA and relevant regulations.

33. Defendants never paid Plaintiffs and members of the FLSA Overtime Class one-and-a-half times their regular hourly rate for hours worked in excess of forty in a workweek.

34. Defendants' violations of the FLSA were willful.

## PRAYER FOR RELIEF

Plaintiffs ask the Court to enter judgment against Defendants and issue an order:

a. Certifying this case as a collective action pursuant to 29 U.S.C. § 216(b);

b. Entering judgment in the amount of all unpaid overtime wages due and owing to Plaintiffs as well as all applicable liquidated damages;

c. Declaring that Defendants' conduct violated the FLSA;

d. Awarding Plaintiffs their reasonable attorneys' fees and the costs of this action;

e. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

f. Awarding such other and further relief as this Court deems appropriate and just.

## Count II – Illinois Minimum Wage Law

35. Plaintiffs incorporate all prior allegations as if fully stated herein.

36. Defendants employed Plaintiffs and members of the IMWL Class.

37. Plaintiffs Gunn and Thomas, and the members of the IMWL Class regularly worked for Defendants in excess of forty hours in a workweek.

38. Defendants never paid Plaintiffs and members of the IMWL Class one-and-a-half times their regular hourly rate for hours worked in excess of forty in a workweek.

## PRAYER FOR RELIEF

Plaintiffs ask the Court to enter judgment against Defendants and issue an order:

a. Certifying this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b. Appointing Plaintiffs Gunn and Thomas as representatives of the IMWL Class;

c. Appointing the undersigned counsel as class counsel;

d. Declaring that the actions complained of herein violated 820 ILCS 105/4;

e. Awarding the IMWL Class prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

f. Awarding the IMWL Class unpaid wages due as provided by the IMWL;

g. Awarding penalties in the amount of 2% of all unpaid wages for each month the unpaid wages remain delinquent, as contemplated by 820 ILCS 105/12(a);

h. Awarding reasonable attorneys' fees and the costs of this action as provided by the IMWL;

i. Awarding such other relief as this Court deems just and proper.

## Count III – Violation of the Chicago Minimum Wage Ordinance

39. Plaintiffs incorporate by reference each of the preceding allegations as though fully set forth herein.

40. Defendants employed Plaintiffs and other putative class members because it permitted them to work at its Chicago security locations and exerted substantial control over the manner in which they performed their work.

41. Defendants did not pay Plaintiffs or other putative class members the required Chicago minimum wage after July 1, 2015.

## PRAYER FOR RELIEF

Plaintiffs ask the Court to enter judgment against Defendants and issue an order:

a. Certifying this case as a class action pursuant to Rule 23;

b. Appointing Plaintiffs as the representatives of the Chicago Minimum Wage Class;

c. Appointing the undersigned counsel as class counsel;

d. Declaring that the actions complained of violate Section 1-24-020 of the Chicago Minimum Wage Ordinance;

e. Awarding Plaintiff and putative class members unpaid wages due as provided by the Chicago Minimum Wage Ordinance, Section 1-24-110;

f. Awarding penalties in the amount of three times of the amount of Plaintiff and putative class members' unpaid wages, pursuant to Section 1-24-110 of the Chicago Minimum Wage Ordinance;

g. Awarding reasonable attorneys' fees and costs of this action as provided by the Chicago Minimum Wage Ordinance;

h. Awarding such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues as to which a jury trial is available.

Respectfully submitted,

/s/Christopher J. Wilmes
One of the Attorneys for the Plaintiffs

8

Matthew J. Piers (Illinois Bar No. 2206161)
Christopher J. Wilmes (Illinois Bar No. 6287688)
HUGHES, SOCOL, PIERS, RESNICK & DYM, LTD.
70 West Madison Street, Suite 4000
Chicago, Illinois 60602
312-580-0100
mpiers@hsplegal.com
cwilmes@hsplegal.com