UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHELLE GUNN, MARTINEZ HAYMER, and CARL THOMAS, individually and on behalf of others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) Case No. 17 cv 6314 ) ) Judge Sharon Johnson Coleman |
| v. | ) ) |
| STEVENS SECURITY & TRAINING SERVICES, INC., and AL STEVENS, | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION AND ORDER**

Defendants Stevens Security & Training Services, Inc., and Al Stevens (collectively "Stevens Security") move to dismiss the Amended Class and Collective Action Complaint [19] for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated herein, the Court denies the motion.

**Background**

Plaintiffs Michelle Gunn, Martinez Haymer, and Carl Thomas, on behalf of themselves and other similarly situated individuals, filed a three-count Amended Complaint, alleging claims under the Fair Labor Standards Act ("FLSA" or "the Act"), the Illinois Minimum Wage Law ("IMWL"), and the City of Chicago Minimum Wage Ordinance ("Wage Ordinance"). Gunn, Haymer, and Thomas assert that they worked as security guards for Stevens Security and were not paid overtime equal to time-and-a-half of their base pay for hours worked in excess of forty hours in a workweek.

**Legal Standard**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When

1

considering the motion, the Court accepts as true all well pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive dismissal, the complaint must not only provide the defendant with fair notice of a claim's basis, but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007).

**Discussion**

Stevens Security argues that the Amended Complaint fails to state a claim under the FLSA because plaintiffs' fail to allege sufficient facts to support FLSA coverage, and absent federal jurisdiction under the FLSA, this Court should decline supplemental jurisdiction over the IMWL and Chicago Wage Ordinance counts. In deciding whether the FLSA applies, this Court must determine whether Stevens Security is an "enterprise" "engaged in commerce" or the plaintiffs individually are "employees" within the definitions contained in the FLSA. Courts interpret the employment definitions in the FLSA broadly and comprehensively to accomplish the remedial purposes of the Act. *Sec'y of Labor, U.S. Dep't of Labor v. Lauritzen*, 835 F.2d 1529, 1534 (7th Cir. 1987).

The focus of defendants' argument is the "engaged in commerce" requirement for enterprise coverage under the FLSA. The Act defines "engaged in commerce" as an enterprise that "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person."[1] "An enterprise need not actually be in the business of producing goods and transporting them over state lines to be 'engaged in commerce'; employees handling out-of-state materials to fulfill job responsibilities can also be sufficient." *Solis v. Intern.*

---

[1] FLSA also requires that the enterprise have an annual gross volume of sales of $500,000. 29 U.S.C. 203(s)(1)(A)(ii). Stevens Security does not argue that this requirement is not met.

*Detective & Protective Service, Ltd.*, 819 F.Supp.2d 740, 747 (N.D. Ill. 2011) (Kendall, J.). Defendants argue that none of the allegations in the Amended Complaint are sufficient to confer FLSA enterprise coverage. Their argument however is based on the items as "goods" rather than "materials" under the Act.

Both parties rely on *Polycarpe v. E & S Landscaping Service, Inc.*, which appears to be the only authority to analyze enterprise coverage under the "handling clause" and discuss the difference between "goods" and "materials." 616 F.3d 1217, 1221 (11th Cir. 2010). Under this clause, an employer is an "enterprise engaged in commerce" if it has employees "handling, selling, or otherwise working on goods that have been moved in or produced for commerce…." 29 U.S.C. § 203(s)(1)(A)(i). The Eleventh Circuit Court of Appeals concluded that under the Act, "materials" must mean "tools or other articles necessary for doing or making something." *Polycarpe*, 616 F.3d at 1224. In reaching this definition of materials, the court relies in part on the legislative history that provides as an example of materials "soap used by a laundry." *Id.* at 1225. The court then articulated two considerations for whether an item counts as "materials": "1) whether, *in the context of its use*, the item fits within the ordinary definition of 'materials' under the FLSA and 2) whether the item is being used commercially in the employer's business." *Id.* at 1225-26. Before applying these considerations to the consolidated cases on appeal, the court provided an explanatory hypothetical, involving china plates. "Where a catering business uses the china plates at a client's banquet, the plates count as part of the 'materials' necessary for serving a catered meal. But, where a department store sells the same china plates as stand-alone items, the plates count as 'goods' for that retailer." *Id.* at 1226. However, "for an accounting firm that uses the same china plates as objects of decoration mounted on its lobby wall, the china plates cannot count as 'materials' because the plates have no significant connection to the business's accounting work." *Id.*

Applying the principles above to the case at bar, this Court finds that plaintiffs have sufficiently alleged materials used to carry out their work as security guards to survive the motion to dismiss. Plaintiffs allege that the supervisors used cellphones to communicate with guards, used computers to complete company payroll, and used a variety of office supplies to carry out their business. Dkt. 14 at ¶¶ 26, 28-29. The plaintiffs also wore Stevens Security uniforms that they allege, on information and belief, were manufactured outside the State of Illinois and were transported through interstate commerce. *Id.* at ¶ 27. The uniforms and the cellphones in particular could have a significant connection to Stevens Security's business and necessary for the duties of security.

In *Solis*, the district court found on summary judgment that the employee security guards presented sufficient evidence that they used vehicles, gas, cell phones, and push-to-talk phones in carrying out the business as private security guards to bring the defendant within the FLSA as an enterprise engaged in commerce. *Id.* at 748. The cases relied on by Stevens Security are not from this district and, in contrast to this instant case, were either at the summary judgment or post-trial stage. The instant case is only at the pleading stage. This Court finds that plaintiffs have sufficiently alleged enterprise coverage of FLSA. Accordingly, this Court need not consider whether there is also individual coverage of the plaintiffs because the Act is stated in the disjunctive; i.e., that either enterprise coverage or individual coverage must be sufficiently alleged to confer jurisdiction under the FLSA. *See Polycarpe*, 616 F.3d at 1220 (citing *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1265-66 (11th Cir. 2006)).

**Conclusion**

Based on the foregoing, this Court denies Stevens Security's motion to dismiss [19]. Status hearing set for 1/29/2018 at 9:00 AM to stand.

IT IS SO ORDERED.

ENTERED:

Dated: 1/26/2018

SHARON JOHNSON COLEMAN
United States District Judge

5