IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHELLE GUNN, MARTINEZ HAYMER, and CARL THOMAS, individually and on behalf of others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 17 C 6314 |
| v. | ) ) | Judge Sharon Coleman |
| STEVENS SECURITY & TRAINING SERVICES, INC. and AL STEVENS, | ) ) ) ) | Magistrate Judge Jeffrey Cole |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

The plaintiffs have moved for an order compelling the defendant to produce documents responsive to plaintiffs' requests for production 1-4. [Dkt. # 42]. Their complaint charges the defendant with failing to pay proper overtime wages in violation of the Fair Labor Standards Act, the Illinois Minimum Wage Law, and the Chicago Minimum Wage Ordinance. Early on, the plaintiff moved for conditional certification of their FLSA claims as a collective action under 29 U.S.C. §216(b), and Judge Coleman granted that motion on January 8, 2018. [Dkt. #38]. The FLSA, of course, expressly provides for collective actions, but unlike such actions under Fed.R.Civ.P. 23, class members must opt in to be part of the class and bound by judgment or settlement. *Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 771 (7th Cir. 2013); *Vanskike v. Peters*, 974 F.2d 806, 812–13 (7th Cir. 1992). Since Judge Coleman's ruling, only one additional plaintiff out of a possible 53 has chosen to opt in. And so, the discovery at issue here – payroll records for individuals who worked as security guards for the defendant and were paid by the hour – has to do with plaintiffs' state law and city ordinance claims. Plaintiffs hope to make a class action out of these claims under

Fed.R.Civ.P. 23(b)(3). [Dkt. # 42, at 3].

Defendant objects to the production requests at issue on a couple of grounds. First, and primarily, it submits that plaintiffs are seeking to circumvent the FLSA's opt-in requirement by way of their state and city claims and Fed.R.Civ.P. 23. In other words, given that almost no one opted in for their FLSA claim, plaintiff hopes to drive up the stakes with a state and city law class claim where individuals have to opt out. Citing a trio of case where the court has refused to certify a Fed.R.Civ.P. 23 class in addition to a §216(b) class, *see McClain v. Leona's Pizzeria, Inc.*, 222 F.R.D. 574, 577-78 (N.D. Ill. 2004); *Muecke v. A-Reliable Auto Parts and Wreckers, Inc.*, No. 01 C 2361, 2002 WL 1359411, at *2, n.1 (N.D. Ill. June 21, 2002); *Rodriguez v. The Texan, Inc.*, No. 01 C 1478, 2001 WL 1829490, at *2 (N.D. Ill. March 7, 2001), defendant demands that plaintiffs not be permitted to pursue discovery under Fed.R.Civ.P. 23. [Dkt. #51, at 4-5]. But, all these cases predate, by a number of years, the Seventh Circuit's controlling discussion of this issue in *Ervin v. OS Rest. Servs., Inc.*, 632 F.3d 971 (7th Cir. 2011). There, the Court of Appeals looked at what the district court had seen as incompatibility between §216(b) and Fed.R.Civ.P. 23 and explained:

> Section 16(b) of the FLSA allows employees to bring collective actions to supplement the enforcement powers of the Secretary of Labor under the statute. See 29 U.S.C. § 216(b) (providing that an employee's rights under the subsection "terminate upon the filing of a complaint by the Secretary of Labor"); see also *Kendall v. City of Chesapeake,* 174 F.3d 437, 443 (4th Cir.1999). That provision providing that employees may bring actions against their employers makes no mention of state wage and labor laws. In addition, the FLSA includes an express savings clause, which provides: "No provision of this chapter ... shall excuse noncompliance with any Federal or State law or municipal ordinance establishing [a higher minimum wage or a shorter maximum work week.]" 29 U.S.C. § 218(a). We agree with the *amici* who have filed briefs in this case that this language has the effect of preserving state and local regulations. We expect that it would normally be the case that a claim under any such state regulations would be part of the same constitutional "case" as the FLSA claim, and thus that any such state claims would fall within the district court's supplemental jurisdiction. See 28 U.S.C. § 1367(a).

> There is ample evidence that a combined action is consistent with the regime Congress has established in the FLSA. The Supreme Court's early decisions interpreting the FLSA led to a great rush of litigation under the statute. See generally *Hoffmann–La Roche Inc. v. Sperling,* 493 U.S. 165, 173, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989). Congress responded in the Portal–to–Portal Act of 1947, 61 Stat. 84, as amended, 29 U.S.C. §§ 251–262, by both eliminating "representative" actions (where employees would designate another to sue on their behalf) and by adding the opt-in provision to the statute for collective *978 actions brought by employees. The effect was to "limit[ ] private FLSA plaintiffs to employees who asserted claims in their own right and free [ ] employers of the burden of representative actions." *Hoffmann–La Roche Inc.,* 493 U.S. at 173, 110 S.Ct. 482. This action was designed to eliminate lawsuits initiated by third parties (typically union leaders) on behalf of a disinterested employee (in other words, someone who would not otherwise have participated in the federal lawsuit).

*Ervin*, 632 F.3d at 977–78. So, the defendant's objection, seven years out of date and ill-informed as it is, is a non-starter.[1]

But even if that were not the case, I do not have authority under a referral for discovery matters to decide substantive issues like certification of a class under either §216(b) or Fed.R.Civ.P. 23. For now, plaintiffs' state law claims are a part of this litigation and, for now, they are potential class claims. Plaintiffs are entitled to the discovery they seek in order to try to establish the prerequisites of proceeding as a class on those state law and city ordinance claims.

Defendant's next objection is that it is exempt from the city's minimum wage ordinance. That is another substantive matter beyond the purview of my authority. Even if defendant's position is correct – it cites no cases to support it – and Judge Coleman rules in its favor on a summary judgment motion defendant says it will be filing, the same discovery would remain relevant to the

---

[1] Notably, the *Ervin* court specifically listed two of the cases the defendant relies on – *McClain* and *Rodriguez* – as cases that are now on the wrong side of the ledger in regard to the compatibility of an FLSA action with a state law action. 632 F.3d at 973. If counsel is working from a canned brief, it needs to be updated. The expiration date on that can has long passed.

3

plaintiffs' state law claim.

Defendant's final objection is, ostensibly, that the discovery sought is overly burdensome. The defendant maintains its security guards are independent contractors, not employees, and therefore it does not, and is not required to, maintain separate and individual personnel files containing payroll records. Defendant claims there is only one person who processes its payroll and, in order to comply with plaintiffs' production request, that one person will have to:

> conduct an extensive, exhaustive and burdensome week-by-week-by-week search via text messages and/or email for each individual independent contractor security guard to locate the information Plaintiffs seek, then (and to the extent such information even exists going back to August 31, 2014) subsequently and manually enter the requested information for each and every day and week in which that independent contractor security guard performed independent contractor services into individual Microsoft Excel spreadsheets. This is so because each week security guards, as independent contractors, submit the equivalent of an invoice to Defendants, with the dates and approximate hours he/she worked that week.

[Dkt. #51, at 9].[2] Defendant offers nothing in the way of proof that this is the case – no affidavit or anything like that. Under Fed.R.Civ.P. 26(b)(2)(B), the party opposing discovery must "*show* that the information is not reasonably accessible because of undue burden or cost." Fed.R.Civ.P. 26(b)(2)(B)(emphasis supplied). A lawyer's unsupported statement in a brief is not evidence. *United States v. Chapman*, 694 F.3d 908, 914 (7th Cir. 2012); *United States v. Diaz*, 533 F.3d 574, 578 (7th Cir. 2008). So, the defendant hasn't "shown" anything. Moreover, without amplification, defendant's complaint that the discovery request is "overly burdensome" is no more than an example of the garden-variety, boilerplate objections attorneys slap on responses to discovery by rote, and

---

[2] Defendant says that the task would epitomize "what Rule 26(b)(2)(C) characterizes as 'unduly burdensome.'" [Dkt. #51, at 10]. Rule 26(b)(2)(C) doesn't speak of discovery being "unduly burdensome", but that a court can place limitations on discovery where it "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Defendant does not indicate, in this instance, what that other more convenient source might be.

tantamount to no objection at all. *See Duracell U.S. Operations, Inc. v. JRS Ventures, Inc.*, No. 17 C 3166, 2018 WL 704686, at *6 (N.D. Ill. Feb. 5, 2018)(collecting cases). And, finally, while plaintiff's request asks for Excel or Access spreadsheets, it doesn't demand them. If defendant truly doesn't keep records in that fashion, there should be no reason why copies of the invoices from security guards shouldn't be adequate for pre-certification discovery. The plaintiffs pointed this out in their reply brief. Why it is a part of the briefing on this motion is mind-boggling – and leads to a discussion that is unfortunately necessary in this case.

When the plaintiffs filed their motion, in keeping with the dictates of Local Rule 37.2, they stated that:

> [o]n February 9, 2018, the parties engaged in a Local Rule 37.2 conference by telephone through their attorneys Scott Cruz and Christopher Wilmes. During the phone call, defendants reiterated their position that they were unwilling to produce pay records for any individual who did not file an FLSA opt-in form. After consultation in person or by telephone and good faith attempts to resolve differences, the parties [we]re unable to reach an accord.

[Dkt. # 42, at 5]. Based on what has transpired in the briefing this matter, one cannot imagine what was discussed in that phone call.

After all, we know that defendant's counsel's main support for being "unwilling to produce pay records" was three 14-to-16-year-old district court opinions that were cast aside by the Seventh Circuit seven years ago. We also know that plaintiffs' counsel was aware of this glaring flaw in defendant's position because he pointed it out in his reply brief. It was fairly obvious, after all. Defendant's brief cites only a handful of cases, and anyone checking those few cites would run directly into *Ervin*. And we know now, in the wake of plaintiffs' reply brief, that plaintiffs don't have to have the pay records in Excell or Access spreadsheet form. Given all we know now, the discussion between counsel could not have taken much time, and it certainly was not what the

5

drafters of Rule 37.2 had in mind. Obviously, they didn't stumble across *Ervin* at any point in their "discussion." Had it been called to the objector's attention, court intervention would not have been required. And they certainly didn't address the burdensome spreadsheet problem.

The long and short of it is, the parties did not engage in the kind of thoughtful, good faith discussion of the dispute before plaintiffs filed their motion to compel. Local Rule 37.2 is not an empty form, requiring pointless activity by lawyers. Quite the contrary. It requires "good faith attempts to resolve differences." The phrase, common throughout the law, is not without meaning. *Cf. Cent. Illinois Light Co. v. Consolidation Coal Co.*, 349 F.3d 488, 492 (7th Cir. 2003)("Duties to bargain in good faith are not empty...."). A party that steadfastly maintains a position without support is not engaging in a good faith discussion. Nor is a party who does not inform their steadfast opponent that the position they have taken has long since been rejected by the Seventh Circuit.

The purpose of Local Rule 37.2 is "[t]o curtail undue delay and expense in the administration of justice." The Rule ultimately rests on what Justice Holmes called the shortness of life and the reality that there is a never ending procession of cases that compete for judicial attention. If the parties can resolve their issue, the court's time is saved and available to be directed to those cases that present issues that cannot be amicably resolved. Each hour needlessly spent on a dispute is an hour squandered. *See Chicago Observer, Inc. v. City of Chicago,* 929 F.2d 325, 329 (7th Cir. 1991) ("Litigation is costly not only for the litigants but also for parties in other cases waiting in the queue for judicial attention."). This is a problem that the Seventh Circuit has repeatedly adverted to. *See, e.g., Otto v. Variable Annuity Life Insurance Co.,* 134 F.3d 841, 854 (7th Cir. 1998); *Channell v. Citicorp Nat. Services, Inc.,* 89 F.3d 379, 386 (7th Cir. 1996); *Szabo Food Service, Inc. v. Canteen Corp.,* 823 F.2d 1073, 1077 (7th Cir. 1987). Here, the taxpayers have been made to subsidize a

6

discovery dispute needlessly.

But, the Rule benefits not just the court and other litigants; it ultimately benefits the parties as well. As the resolution of discovery disputes is committed to the court's broad discretion, *Kuttner v. Zaruba*, 819 F.3d 970, 974 (7th Cir. 2016); *James v. Hyatt Regency Chicago*, 707 F.3d 775, 784 (7th Cir. 2013), it behooves parties to work things out on their own. Discretion denotes the absence of hard and fast rules. *Langnes v. Green*, 282 U.S. 531, 541 (1931). Being a range, not a point, discretion allows two decision-makers – on virtually identical facts – to arrive at opposite conclusions, both of which constitute appropriate exercises of discretion. *Compare United States v. Boyd,* 55 F.3d 239 (7th Cir. 1995) with *United States v. Williams,* 81 F.3d 1434 (7th Cir. 1996). A party who steadfastly maintains his position without budging could be "right" – although that's clearly not a possibility when the party is counting on outdated, overruled caselaw – but find itself on the losing side, and properly so, when the matter comes before the court and the court's discretion leads it to accept the other side's "right" position. A negotiated outcome is more likely to give both sides at least a somewhat satisfactory resolution and one that does not require judicial intervention as the Local Rule and the Federal Rules of Civil Procedure envision. Here, compliance with the Local Rule would have obviated the need for a party to bring a motion that was destined to be rejected.

The Seventh Circuit – like all of the courts of appeals throughout the country – have been exceedingly critical of briefs that put out of view the existence of cases that are central to any informed, meaningful, and relevant analysis. In this regard, ignoring or overlooking potentially dispositive authority is pointless. *See Hill v. Norfolk & Western Ry. Co.,* 814 F.2d 1192, 1198 (7th Cir.1987). *Accord Bingham v. New Berlin School Dist.,* 550 F.3d 601, 605 (7th Cir.2008).

7

Accordingly, the plaintiff's motion to compel [Dkt. #42] is granted. But any future discovery motions filed in this case must include a detailed, joint statement of the parties' efforts to resolve their disputes over each of the document requests at issue, along with their final positions, *supported by pertinent authority*, on each request that remains in dispute. *See Autotech Techs. Ltd. P'ship v. Automationdirect.Com, Inc.*, No. 05 C 5488, 2007 WL 2713352 (N.D. Ill. Sept. 12, 2007); *O'Toole v. Sears, Roebuck & Co.*, 302 F.R.D. 490, 491 (N.D. Ill. 2014).

**ENTERED:** _____
**UNITED STATES MAGISTRATE JUDGE**

**DATE:** 4-11-18