# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHELLE GUNN, MICHAEL WATSON, and JACOB SAUNDERS, individually and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> STEVENS SECURITY & TRAINING SERVICES, INC., and AL STEVENS, <br><br> Defendants, | Case No. 17-cv-06314 <br><br> Judge Sharon Johnson Coleman |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Michelle Gunn, Michael Watson, and Jacob Saunders (collectively "Gunn") filed this suit against Defendants Stevens Security & Training Services, Inc., and Al Stevens (collectively "Stevens Security"), asserting that Stevens Security violated the Fair Labor Standards Act, the Illinois Minimum Wage Law, and the Chicago Minimum Wage and Paid Sick Leave Ordinance ("Wage Ordinance"). Stevens Security moves for summary judgment on Count III of Gunn's Second Amended Complaint. For the reasons stated herein, Stevens Security's partial motion for summary judgment is granted [68].

**Background**

The following facts are undisputed. Plaintiffs are all former security guards who provided security services for Stevens Security's clients in and around the Chicagoland area. Stevens Security are licensed private security contractors certified and recognized by the State of Illinois. Plaintiffs each allege that they worked primarily in the City of Chicago and were paid less than the Chicago minimum wage set by the Wage Ordinance. The Wage Ordinance sets a higher minimum wage for

1

non-tipped employees working in Chicago than the minimum wage established by the State from July 1, 2015 to July 1, 2017.

The City Council of Chicago has delegated sole and exclusive authority to administer and enforce the Wage Ordinance to the City's Department of Business Affairs and Consumer Protection. Barbara Gressel is the Deputy Commissioner for the Prosecution and Adjudication division of the Department of Business Affairs, which includes overseeing the enforcement of and prosecution for violations of City Ordinances. In a sworn declaration, Deputy Commissioner Gressel stated that the Department of Business Affairs does not enforce the Wage Ordinance against private security firms located in the City of Chicago who are alleged to have engaged in minimum wage violations under the Wage Ordinance.

Article VII, § 6(h) of the Illinois Constitution provides:

> The General Assembly may provide specifically by law for the exclusive exercise by the State of any power or function of a home rule unit other than a taxing power or a power or function specified in subsection (l) of this Section.

Article VII, § 6(i) of the Illinois Constitution provides:

> Home rule units may exercise and perform concurrently with the State any power or function of a home rule unit to the extent that the General Assembly by law does not specifically limit the concurrent exercise or specifically declare the State's exercise to be exclusive.

The City of Chicago is a home rule municipality as that term is used and defined under the Illinois Constitution. *See* Ill. Const. 1970, art. VII, §§1, 6.

The Private Detective, Private Alarm, Private Security, Fingerprint Vendor, and Locksmith Act of 2004 ("Private Detective Act") provides that:

> Home rule. Pursuant to paragraph (h) of Section 6 of Article VII of the Illinois Constitution of 1970, the power to regulate the private detective, private security, private alarm, fingerprint vending, or locksmith business or their employees shall be exercised **exclusively by the State** and may not be exercised by any unit of local government, including home rule units.

225 ILCS 447/50-25 (emphasis added).

**Legal Standard**

Summary judgment is proper when "the admissible evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *McGreal v. Vill. of Orland Park*, 850 F.3d 308, 312 (7th Cir. 2017), *reh'g denied* (Mar. 27, 2017) (quoting *Hanover Ins. Co. v. N. Bldg. Co.*, 751 F.3d 788, 791 (7th Cir. 2014)); *see also* Fed. R. Civ. P. 56(a).  In deciding whether summary judgment is appropriate, this Court accepts the nonmoving party's evidence as true and draws all reasonable inferences in that party's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 244, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986).

**Analysis**

Stevens Security argues that the Illinois General Assembly preempted the City of Chicago's home rule authority in the area of private security with its enactment of the home rule provision of the Private Detective Act.  225 ILCS 447/50-25.  Gunn argues that the Wage Ordinance is a law of general application that broadly applies to all employers throughout the City of Chicago that has no bearing on the regulations established by the Private Detective Act.

The Private Detective Act defines licensing requirements for private security contractors and establishes a variety of other requirements related to security services, including training, continuing education, firearms registration, uniforms, and permanent employee cards.  225 ILCS 447, *et seq*. The Act includes a home rule provision that preserves the power to regulate private security exclusively for the State, 225 ILCS 447/50-25, and provides that:

> The intent of the General Assembly in enacting this statute is to regulate persons, corporations, and firms licensed under this Act for the protection of the public. These practices are declared to affect the public health, safety, and welfare and are subject to exclusive State regulation and licensure. This Act shall be construed to carry out these purposes.

225 ILCS 447/5-15.

The City of Chicago adopted the Wage Ordinance pursuant to its home rule unit authority established by the Illinois Constitution. If the General Assembly "intends to limit or deny the exercise of home rule powers, the statute must contain an express statement to that effect." *Palm v. 2800 Lake Shore Drive Condo. Ass'n*, 2013 IL 110505, ¶ 31, 988 N.E.2d 75 (2013). The parties do not dispute that the General Assembly has expressly stated its intention for private security to be exclusively regulated by the State. *See* 225 ILCS 447/50-25. Moreover, as Gunn highlighted, the General Assembly reinforced its intentions for exclusive regulation with its statement of legislative intent, as quoted above.

In *City of Chicago v. Haworth*, 303 Ill. App. 3d 451, 708 N.E.2d 425 (1st Dist. 1999), an Illinois appellate court examined whether the state Private Detective Act preempts home rule authority by the City to regulate firearms. As in the instant matter, the City argued before the state appellate court that the firearm regulation was a law of general application. That court rejected the City's argument because the Act fully occupies the space of regulating private security. 303 Ill. App. 3d at 456–57. Relying on the same express provisions of the Private Detective Act, the court held that the state law "expressly provides for preemption of home rule units in regulating the business of private detectives," which are regulated "exclusively by the state." *Id.* at 457 (quoting 225 ILCS 446/40).[1] The court also rejected the City's argument that the Private Detective Act failed to invoke section 6(i) to declare the State's exercise of authority to be exclusive.

That logic informs the same outcome here. Had the state legislature intended to allow the City of Chicago to regulate aspects of the business of private security, it would not have included express language reserving all regulation of the business of private security for the State. Indeed, other courts addressing preemption and the Private Detective Act have also found that the state

---

[1] *Haworth* cites to 225 ILCS 446/40 (West 1994). That specific section was repealed in 2003 and replaced with 255 ILCS 447/50-25, which is substantively the same provision.

4

legislature intended to exclusively occupy the space of regulating private detective and security businesses. *See Ellwood v. City of Chicago*, No. 08 C 4586, 2014 WL 883553, at *6 (N.D. Ill. Mar. 6, 2014) (Gottschall, J.) (explaining that the state Private Detective Act reserves the right to regulate "private detectives and security personnel in both their individual capacities and in their capacities as owners of security firms" and the City could not enforce its local firearm statute against a private detective); *see also United Private Detective & Sec. Ass'n, Inc. v. City of Chicago*, 62 Ill. 2d 506, 516, 343 N.E.2d 453 (1976) (reversing and finding that the Private Detective Act completely occupies the space of regulating private detective business).

As Stevens Security argues, the City's approach makes this case clearer than the other courts addressing preemption of local laws by the Private Detective Act. In similar cases, the City has argued that the local ordinance at issue was not preempted by the Private Detective Act. *See Haworth*, 303 Ill. App. 3d at 456–57 (City argued that the handgun regulation was a law of general application and not preempted by the Private Detective Act); *Ellwood*, 2014 WL 883553 at *6 (City argued that the Private Detective Act only applied to the regulation of private detectives in their personal capacities and not in their capacities as owners of security firms). Still, each court held that the Private Detective Act preempted the local ordinance that interfered with the State's regulation of private detectives and security.

Here, the undisputed facts indicate that the City's Department of Business Affairs, the division that oversees the enforcement of the Wage Ordinance, does not enforce the Wage Ordinance against private security firms in the City of Chicago. (Dkt. 80 ¶ 21.) This inaction suggests that the City does not believe it has the authority to regulate private security. Indeed, sworn declarations from Deputy Commission Gressel support this understanding of the Department's actions. (Dkt. 70, Ex. C ¶ 7; Dkt. 89-1 ¶ 7 ("Based on, among other factors, the [Department of Business Affairs'] interpretation of the [Wage Ordinance], in conjunction with Article VII, Sections

5

6(h) and 6(i) of the Illinois Constitution and 225 ILCS 447/50-25, the [Department of Business Affairs] does not enforce the [Wage Ordinance] against private security firms located in the City of Chicago who are alleged to have engaged in minimum wage violations.").)

Gunn points to one additional state court authority addressing the Private Detective Act that she contends requires this Court to decide this issue differently. In *Alarm Detection Systems, Inc. v. Village of Hinsdale*, 326 Ill. App. 3d 372, 761 N.E.2d 782 (2nd Dist. 2001), the court considered plaintiff's request for a permanent injunction preventing the Village from enforcing a local ordinance that required all owners of commercial buildings to connect their fire alarm systems directly to the Village's fire board for monitoring. The court distinguished *Haworth* and *United Private Detective* on the basis that those cases considered ordinances that created additional regulations for private security companies. 326 Ill. App. 3d at 383. Because the interests of public safety come before the right of an individual to conduct business and the Village ordinance only had a secondary impact upon the business community, the court found that the alarm system regulations were not preempted by the Private Detective Act. *Id.* at 383–84. Here, the Wage Ordinance has a direct impact on the business regulations of private security.

Finally, Gunn's efforts to distinguish applicable interpretations of the Private Detective Act through analogy also fail. *Neri Brothers Construction v. Village of Evergreen Park*, 363 Ill. App. 3d 113, 841 N.E.2d 148 (1st Dist. 2005) and *Oak Park Trust & Savings Bank v. Village of Mount Prospect*, 181 Ill. App. 3d 10, 536 N.E.2d 763 (1st Dist. 1989) both concerned preemption of statutes that did not regulate or even touch upon the same industry regulated by the tangentially related state provision. These cases bare no relevance on this case.

As a result, this Court holds that the Private Security Act preempts additional regulation of the private security by home rule units, and therefore the Wage Ordinance cannot be applied to private security businesses.

**Conclusion**

For these reasons, this Court grants summary judgment in favor of Stevens Security on Count III of the Second Amended Complaint.


IT IS SO ORDERED.

Date: 1/22/2019

Entered: /s/ Sharon Johnson Coleman
SHARON JOHNSON COLEMAN
United States District Judge