# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHELLE GUNN, *et al.*, individually and on behalf of others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| STEVENS SECURITY & TRAINING SERVICES, INC. and AL STEVENS, | ) ) ) ) |
| Defendants. | ) |

Case No. 17 C 6314

Judge Sharon Johnson Coleman

## MEMORANDUM OPINION AND ORDER

Plaintiffs, former security guards for defendant Stevens Security and Training Services ("Stevens Security"), bring collective action claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and class action claims under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.*, and the Illinois Wage Payment Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq.* Before the Court is plaintiffs' Federal Rule of Civil Procedure 56(a) motion for partial summary judgment on the issue of employee status. For the reasons discussed below, the Court grants plaintiffs' motion.

**Background**

The following facts are undisputed and supported by evidence in the record.[1] Defendant Stevens Security was a security guard company that provided security services to film and television crews working in Chicago. Defendant Al Stevens was the owner, operator, and president of Stevens Security from 2014 until the company dissolved in 2019. Stevens Security and its clients provided

---
[1] The Court granted defense counsel's motion to withdraw on July 31, 2019. Since then, new counsel has not filed an appearance on behalf of defendants and defendants have failed to appear in court. Accordingly, plaintiffs filed a Northern District of Illinois Local Rule 56.2 notice to pro se defendants on October 29, 2019 in relation to the present summary judgment motion. Defendants have not responded.

strict guidelines for the security guards to follow. To enforce these guidelines, Al Stevens would go to job sites to oversee the guards' work.

When Stevens Security hired guards, it would provide them with an Employment Handbook and Memoranda, both of which discussed Stevens Security's work expectations, rules for the guards to follow, employee benefits, and employee hours. Frequently, Stevens Security held employee meetings, some mandatory, to remind its guards about the rules discussed in the Employment Handbook. Stevens Security also required its newly-hired guards to sign several agreements, including an Employment & Wage Agreement, an Employee Agreement, an Employment Application, and an Uniform Rental Agreement. The Employment & Wage Agreement lists Stevens Security as the employer and informs the guards that they "shall comply with all Employer policies, procedures, rules and regulations, both written and oral, as are announced by the Employer from time to time." Similarly, the Employee Agreement states that Stevens Security is the employer and recognizes the guards as employees. Despite this evidence that Stevens Security considered its guards as employees, after plaintiffs filed this lawsuit, Stevens Security instructed its security guards to sign independent contractor agreements disclaiming any employment relationship.

In addition, Stevens Security required its guards to wear uniforms and identification badges that the guards purchased from the company. Stevens Security deducted the costs associated with the uniform from the guards' first few paychecks. Based on these deductions, Stevens Security often paid its guards less than the state minimum wage of $8.25 per hour during the first few weeks of their employment. Also, Stevens Security would deduct money from its guards' wages if they broke the rules set forth in the Employee Handbook. Evidence in the record further reveals that Stevens Security did not pay its guards time-and-a-half for any hours over 40 hours a week.

**Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as

to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed. 2d 202 (1986). When determining whether a genuine issue of material fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Id.* at 255; *Scheidler v. Indiana*, 914 F.3d 535, 540 (7th Cir. 2019). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (quotation omitted).

**Discussion**

*FLSA and IMWL Claims*

Only employer-employee relationships fall under the protections of the FLSA and IMWL. *See Callahan v. City of Chicago*, 78 F. Supp. 3d 791, 821 (N.D. Ill. 2015) ("Because the IMWL parallels the FLSA so closely, courts have generally interpreted their provisions to be coextensive, and so have generally applied the same analysis to both."); 56 Ill. Adm. Code 210.120. When determining whether an individual qualifies as an employee – rather than an independent contractor – courts examine the totality of the circumstances to decide the "economic reality of the working relationship." *Simpkins v. DuPage Housing Auth.*, 893 F.3d 962, 964 (7th Cir. 2018) (citation omitted). The Seventh Circuit has created a non-exhaustive list for courts to consider when making this determination: "(1) the nature and degree of the alleged employer's control as to the manner in which the work is to be performed; (2) the alleged employee's opportunity for profit or loss depending upon his managerial skill; (3) the alleged employee's investment in equipment or materials required for his task, or his employment of workers; (4) whether the service rendered requires a special skill; (5) the degree of permanency and duration of the working relationship; and (6) the

3

extent to which the service rendered is an integral part of the alleged employer's business." *Secretary of Labor v. Lauritzen*, 835 F.2d 1529, 1535 (7th Cir. 1987); *but see Berger v. Nat'l Collegiate Athletic Ass'n*, 843 F.3d 285, 291 (7th Cir. 2016) ("We have declined to apply multifactor tests in the employment setting when they 'fail to capture the true nature of the relationship' between the alleged employee and the alleged employer.") (quotation omitted). Courts construe the terms "employee" and "employer" expansively under the FSLA, *see Hollins v. Regency Corp.*, 867 F.3d 830, 835 (7th Cir. 2017), and the determination of a worker's status is a legal question. *Lauritzen*, 835 F.2d at 1535.

Looking to the totality of the circumstances, plaintiffs have presented undisputed evidence that they were employees of Stevens Security for purposes of the FSLA and IMWL, including that defendants strictly controlled the guards' work by enforcing mandatory rules and expectations and deducting the guards' pay for violation of the rules. Other indicia that the guards were employees includes the various Stevens Security contracts that the guards signed indicating that they were employees and Stevens Security was their employer. Plaintiffs also set forth unrefuted evidence supporting their status as employees, such as that the guards' employment was indefinite, their skill set was limited to guarding equipment and did not include any managerial tasks or discretion, Stevens Security paid them by the hour, and that they performed their job within Stevens Security's exact specifications. Stevens Security's last minute attempt to label its employees as independent contractors after this lawsuit was filed does not change this analysis. *See Berger,* 843 F.3d at 290 ("Because status as an 'employee' for purposes of the FLSA depends on the totality of circumstances rather than on any technical label, courts must examine the 'economic reality' of the working relationship") (citation omitted).

In addition, as a corporate officer with day-to-day control over every aspect of his employees' work schedules, pay, and conditions of employment, Al Stevens is jointly and severally liable for the FLSA violations. *See* 29 U.S.C. § 203(d); *Tapia v. Blch 3rd Ave LLC,* 906 F.3d 58, 61 (2d

4

Cir. 2018); *Thompson v. Real Estate Mortgage Network*, 748 F.3d 142, 153 (3rd Cir. 2014); *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1314 (11th Cir. 2013); *United States Dept. of Labor v. Cole Enter., Inc.*, 62 F.3d 775, 778 (6th Cir. 1995) *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983)(collecting cases).

*IWPCA Claim*

The IWPCA provides a broad definition of employee, which includes "any individual permitted to work by an employer in an occupation," except an individual: "(1) who has been and will continue to be free from control and direction over the performance of his work, both under his contract of service with his employer and in fact; (2) who performs work which is either outside the usual course of business or is performed outside all of the places of business of the employer unless the employer is in the business of contracting with third parties for the placement of employees; and (3) who is in an independently established trade, occupation, profession or business." *Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1059 (7th Cir. 2016); 820 ILCS 115/2. Because this test is in the conjunctive, if Stevens Security cannot satisfy one of the prongs, its guards are treated as employees under the IWPCA. *Costello*, 810 F.3d at 1059.

Plaintiffs have set forth unrefuted evidence that they are employees under IWPCA's broad definition of employee. Plaintiffs were hourly workers with a limited skill set, as opposed to workers who have an established trade, occupation, or profession. They performed their work at the jobsites where Stevens Security's clients were filming, which was their normal place of business. Last, abundant evidence in the record indicates that the guards were anything but free from Stevens Security's control and direction over their job tasks.

As to Al Stevens' individual liability, individuals are employees under the IWPCA if they knowingly permitted the IWPCA violations. *Andrews v. Kowa Printing Corp.*, 838 N.E.2d 894, 899, 298 Ill.Dec. 1, 6, 217 Ill.2d 101, 108 (Ill. 2005) (citing *Donovan v. Agnew*, 712 F.2d 1509 (1st Cir. 1983)).

5

Here, it is undisputed that Al Stevens knew Stevens Security made unauthorized deductions from their guard's pay for various rule infractions. Thus, Al Stevens is liable for the IWPCA violations.

**Conclusion**

Based on the foregoing, the Court grants plaintiffs' motion for partial summary judgment. [196]. The Court grants plaintiffs' motion to vacate the March 23, 2020 trial date. [208].

IT IS SO ORDERED.

Entered:_____
SHARON JOHNSON COLEMAN
United States District Court Judge

DATED: 2/13/2020