UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHELLE GUNN, MICHAEL WATSON, and JACOB SAUNDERS, individually and on behalf of others similarly situated, | )<br>)<br>) |
| Plaintiffs, | )<br>)  Case No. 17-cv-06314<br>) |
| v. | )  Judge Sharon Johnson Coleman<br>) |
| STEVENS SECURITY & TRAINING SERVICES, INC., and AL STEVENS, | )<br>)<br>) |
| Defendants, | )<br>) |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Michelle Gunn, Michael Watson, and Jacob Saunders (collectively "Gunn" or "Plaintiffs") filed this suit against Defendants Stevens Security & Training Services, Inc., and Al Stevens (collectively "Stevens Security" or "Defendants"), asserting that Stevens Security violated the Fair Labor Standards Act, the Illinois Minimum Wage Law, and the Chicago Minimum Wage and Paid Sick Leave Ordinance ("Wage Ordinance"). On February 13, 2020, the Court granted Gunn's motion for summary judgment on the issue of class members' status as employees under the FLSA, IMWL, and IWPCA. Gunn has now filed a motion for summary judgment on damages and for attorney fees [215], which is granted.

**Background**

The following facts are undisputed. Stevens Security did not file a response brief or supporting materials as required by Local Rule 56.1(b).[1] Therefore, the Court accepts as true all

---

[1] The Court granted defense counsel's motion to withdraw on July 31, 2019. Since then, new counsel has not filed an appearance on behalf of defendants and defendants have failed to appear in court. Accordingly, plaintiffs filed a Northern District of Illinois Local Rule 56.2 notice to pro se defendants on March 9, 2020 in relation to the present summary judgment motion. Defendants have not responded.

1

material facts set out in Gunn's Local Rule 56.1(a) statement. *Cracco v. Vitran Express, Inc.,* 559 F.3d 625, 632 (7th Cir. 2009).

Plaintiffs are all former security guards who provided security services for Stevens Security's clients in and around the Chicagoland area. Stevens Security are licensed private security contractors certified and recognized by the State of Illinois. Plaintiffs worked primarily in the City of Chicago and were paid less than the Chicago minimum wage set by the Wage Ordinance.

On June 17, 2019, the Court certified two classes pursuant to Rule 23(b)(3):

(1) All individuals who worked as security guards for Stevens Security between August 31, 2014 and the present, who were paid by the hour, and who worked for Stevens Security in excess of forty hours in any workweek or who earned less than $8.25 per hour during any of their first six weeks of work due to uniform deductions (the "IMWL Class").

(2) All individuals who worked as security guards for Stevens Security between August 31, 2014 and the present, who were paid by the hour, and whose pay records show that Stevens Security made deductions from their hourly wages (other than for child support payments mandated by law and other than for three $80 deductions for uniforms) (the "IWPCA Class").

From August 2015 – February 2018, the total amount of money that the company deducted from its guards' wages without their written authorization at the time of deduction was $16,736. The minimum wage shortfall arising from Stevens Security's deductions for uniforms, to the extent those deduction drove guards' hourly wages below the state minimum wage of $8.25 per hour was $8,797.91. The unpaid overtime pay owed to class members was $86,454.67.

**Legal Standard**

Summary judgment is proper when "the admissible evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *McGreal v. Vill. of Orland Park*, 850 F.3d 308, 312 (7th Cir. 2017), *reh'g denied* (Mar. 27, 2017) (quoting *Hanover Ins. Co. v. N. Bldg. Co.*, 751 F.3d 788, 791 (7th Cir. 2014)); *see also* Fed. R. Civ. P. 56(a). In deciding whether summary judgment is appropriate, this Court accepts the nonmoving party's

evidence as true and draws all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 244, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986). Where, as here, the non-moving party does not file a response, the consequence is that he has conceded the defendant's version of the facts. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."). This does not alter the standard for assessing a Rule 56 motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

**Analysis**

*Damages*

Because the FLSA applies, Stevens Security, as "employers," had an obligation to pay Plaintiffs, its "employees," at a "rate not less than one and one-half times the regular rate" for any hours worked in excess of forty hours in a workweek. *See* 29 U.S.C. § 207(a). It is undisputed that Stevens Security failed to pay Plaintiffs a premium rate for overtime hours worked.

Turning to the amount of damages, the Court adopts paralegal Benjamin Goldberg's calculations, which he determined based on payroll records.

Class members are entitled to damages and penalties in the amount of $13,196.87 for individuals in the IMWL Class who earned less than $8.25 per hour due to uniform deductions. This includes $8,797.91 in overtime wages and a penalty under the IMWL, equaling $4,398.96. *See* 820 ILCS 105/12(a).

Class members also are entitled to damages and penalties in the amount of $129,682.01 for individuals in the IMWL Class who worked more than forty hours in a workweek and were not paid one-and-a-half times their regular rate for hours over forty in a workweek. This includes an overtime shortfall of $86,454.67 and a penalty of $43,227.34.

Plaintiffs are also entitled to damages and penalties in the amount of $25,104.00

for individuals in the IWPCA Class from whom Defendants made unauthorized deductions from their hourly wages. This includes $16,736.00 in unauthorized deductions and $8,368.00 in penalties. See 820 ILCS 115/14(a).

In addition, Plaintiffs seek liquidated damages of $8,709.22 for the sixteen guards who worked more than forty hours in a workweek without receiving overtime pay consented to join the FLSA collective action. Under FLSA, an employer who violates the overtime compensation provision is liable to the employee in the amount of the unpaid compensation as well as "in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). In effect, liquidated damages are "mandatory [for FLSA violations] unless the district court finds that the defendant-employer was acting in good faith and reasonably believed that its conduct was consistent with the law." *Shea v. Galaxie Lumber & Constr. Co., Ltd.*, 152 F.3d 729, 733 (7th Cir.1998). A a "substantial burden" is on the employer to overcome the "strong presumption under the statute in favor of doubling [the damage award]." *Id.* Defendants have offered no response to overcome this presumption, so the Courts grants liquidated damages in the amount of $8,709.22.

*Attorney Fees*

As prevailing parties under the FLSA, IMWL, and IWPCA, Plaintiffs are entitled to an award of their reasonable attorney fees by the Defendants. *See* 29 U.S.C. § 216(b); 820 ILCS 105/12(a); 820 ILCS 115/14(a). To calculate an appropriate fee award, courts start with the "lodestar" amount, determined by "multiplying a reasonable hourly rate by the number of hours reasonably expended on the litigation." *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 707 (7th Cir. 2001). Under this approach, the party seeking fees bears the burden of proving the reasonableness of the hours worked and rates claimed. *Hensley v. Eckerhart*, 461 U.S. 424, 436, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). A good faith effort must be made to exclude excessive, redundant, or unnecessary hours. *Id.* at 434, 103 S.Ct. 1933. The Court, for its part, must exclude

hours it deems inadequately documented or not reasonably expended on the litigation. *Id.* at 433–34, 103 S.Ct. 1933; *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 550 (7th Cir.1999).

Plaintiffs request $275,000.00 in attorney fees, calculated as follows, with discounts discussed below:

| Biller | Year Admitted As Lawyer | Hourly Rate | Hours |
|---|---|---|---|
| Joshua Karsh | 1989 | $565 | 1.9 |
| José Behar | 1990 | $515 | 43.0 |
| Christopher Wilmes | 2005 | $450 | 524.6 |
| Caryn Lederer | 2004 | $440 | 22.4 |
| Chirag Badlani | 2008 | $400 | 1.7 |
| Kate Schwartz | 2010 | $370 | 1.0 |
| Justin Tresnowski | 2013 | $325 | 14.3 |
| Emily Brown | 2014 | $320 | 32.9 |
| Matthew Novaria | 2014 | $320 | 1.5 |
| Iman Boundaoui | 2015 | $300 | 7.4 |
| Paralegals | | $190 | 128.5 |

The sum of attorneys fees in the chart above is $312,448 which increases to $326,613.93 with costs. Plaintiffs are only seeking an award of $275,000.00 because counsel acknowledge that they were unsuccessful on their claims under the City of Chicago Minimum Wage Ordinance.

The Court finds that the rates and time spend litigating this case are both within the range of reasonableness and agrees with Plaintiffs that its proposed reduction is appropriate under *Hensley*, as degree of success is the most important factor to consider in making a reduction. *Hensley*, 461 U.S. at 436, 103 S. Ct. 1933. Additionally, the Court notes that litigation was unnecessarily prolonged by

5

a number of factors, including actions taken by both counsel prior to the pandemic. Accordingly, the Court grants Plaintiffs $275,000.00 in attorney fees.

**Conclusion**

For these reasons, this Court grants summary judgment in favor of Gunn on damages and attorney fees.

IT IS SO ORDERED.

Date: 9/18/2020

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

6