IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHELLE GUNN, MICHAEL WATSON, and JACOB SAUNDERS, individually and on behalf of others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>STEVENS SECURITY & TRAINING SERVICES, INC. and AL STEVENS,<br><br>    Defendants. | Case No. 17-cv-6314<br><br>Judge Sharon Johnson Coleman |

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiffs Michelle Gunn, Michael Watson, and Jacob Saunders and Defendants Stevens Security & Training Services, Inc. and Al Stevens ("Defendants") have reached a proposed Settlement Agreement resolving all claims in this lawsuit. The Plaintiffs have filed a motion for final approval of the proposed Settlement Agreement, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. Having reviewed the Plaintiffs' motion and having held a public hearing on the fairness of the Settlement Agreement, with counsel for all parties present, the Court orders as follows:

1. The Court finds that the Settlement Administrator has met all requirements the Court set forth in its Order Granting Preliminary Approval of the Settlement, including dissemination of the Class Notice. The Court finds that the direct-mail notice program used in this case satisfies Rule 23(e) of the Federal Rules of Civil Procedure and the Due Process Clause of the United States Constitution.

2. The Court has determined the terms of the settlement to be a fair, reasonable, and adequate resolution of this matter.

3. Within three days of this Order, the Court directs Defendants to transfer $180,000.00 currently deposited in their attorneys' Client Trust Account to the Qualified Settlement Fund ("QSF") created by Simpluris.

4. The Court directs Simpluris to pay Class Counsel a total sum of $115,333.32 from the QSF. The Court finds that this award of attorneys' fees, costs, and expenses is less than or equal to the market rate of Plaintiffs' attorneys' services had their fee been negotiated with the purported class at the outset of the litigation. This payment shall occur no later than forty days after the entry of this order.

5. The Court directs Simpluris to make payments out of the QSF in the amount of $1,000 to each of the three Named Plaintiffs as an incentive award. The Court finds that this award is reasonable to compensate the Named Plaintiffs for the assistance they provided to Class Counsel in this litigation. These payments shall occur at the same time that the Named Plaintiffs receive any settlement awards to which they are entitled.

6. Pursuant to the parties' settlement agreement, the Court directs Simpluris to pay itself out of the QSF for the reasonable cost of the work that it has performed and will perform as Settlement Administrator.

7. The Court directs Simpluris to issue settlement checks out of the QSF to all Class Members who filed claims forms, as contemplated by the Settlement Agreement. Simpluris shall mail these checks to Class Members no later than forty days after the entry of this Order.

8. The Court hereby dismisses this case with prejudice against Defendants. All Class Members herein release and forever discharge Defendant and the other Released Parties from claims outlined and described in Section III.6.A of the Settlement Agreement.

9. The Court hereby releases the September 18, 2020 judgment entered in this case as satisfied pursuant to settlement.

ENTERED:

_____
Sharon Johnson Coleman
United States District Judge

Dated: September 6, 2023